UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

CHRISTOPHER A. SMITH,                    )
                                          )
                    Petitioner,           )
                                          )
v.                                        )        Nos.:  3:11-CR-115-TAV-HBG-1
                                          )               3:14-CV-339-TAV
UNITED STATES OF AMERICA,                 )
                                          )
                    Respondent.           )

**<u>MEMORANDUM OPINION</u>**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 [Doc. 50].  During pendency of the action, Petitioner filed a motion

for leave supplement [Doc. 60].  The United States responded in opposition to the original

petition on October 17, 2014 [Doc. 58] and proposed supplement on August 29, 2016 [Doc. 64].

Petitioner replied to both [Docs. 59, 69].  For the reasons below, Petitioner's motion for leave to

amend [Doc. 60] will be **GRANTED IN PART** and **DENIED IN PART**.  His amended § 2255

motion [Docs. 50, 60] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.      **BACKGROUND**

On April 19, 2011, Knoxville police officers executed a search warrant at Petitioner's

residence after a confidential source purchased crack cocaine from Petitioner at that location

[Doc. 25 ¶ 4].  During the search, officers seized 35.45 grams of crack cocaine, a loaded 9mm

handgun, $995 cash from a car alarm box in the bedroom; digital scales, a holster, and 9mm

ammunition were found elsewhere in the residence [*Id.*].  Shortly thereafter, Petitioner waived

his *Miranda* rights and admitted to selling crack cocaine [*Id.*].

On September 11, 2011, a federal grand jury charged Petitioner with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possessing with intent to distribute at least twenty-eight grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and possessing a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Doc. 1]. The United States filed a timely notice of its intent to enhance Petitioner's sentence, pursuant to 21 U.S.C. § 851, based on two prior felony drug convictions [Doc. 4]. Petitioner pled guilty as charged on March 16, 2012 [Docs. 25, 26].

In calculating the applicable Guidelines range, the United States Probation Office assigned Petitioner a base offense level of twenty-six citing the drug quantity stipulated in his plea agreement [Presentence Investigation Report (PSR) ¶¶ 15, 17]. Based on the same two prior felony drug convictions referenced in the § 851 notice, Petitioner was deemed to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines and assigned an enhanced offense level of thirty-seven [*Id.* ¶¶ 23, 34, 45]. After a three-level reduction for acceptance of responsibility, Petitioner's received a total offense level of thirty-four [*Id.* ¶¶ 24–26], which yielded an advisory Guideline range of 262 to 327 months' imprisonment when combined with his enhanced criminal history category of VI [*Id.* ¶¶ 53, 54, 73 (noting that Petitioner was subject to a ten-year statutory mandatory minimum for the drug offense and a consecutive five-year statutory mandatory minimum for the § 924(c) offense)].

Petitioner filed a motion for downward variance [Doc. 35]; the United States responded in opposition [Doc. 37]. On July 16, 2013, this Court granted Petitioner's motion and imposed an aggregate sentence of 240 months' incarceration—concurrent terms of 120 months for the § 922(g) offense and 180 months for the drug offense, followed by a statutorily-mandated consecutive term of 60 months for the § 924(c) offense [Doc. 46]. No direct appeal was taken.

2

Petitioner committed the instant offense—*Smith II*—while on supervised release for a separate federal conviction—*Smith I* [PSR ¶¶ 10, 45, 52], and, as a result, Petitioner's probation officer requested revocation of supervised release in the earlier case [E.D. Tenn. Case No. 3:01-cr-43-TAV-HBG-2].[1] Petitioner admitted that his conviction in *Smith II* amounted to a violation of supervision in *Smith I*, but requested that any revocation sentence in the latter run concurrent to his aggregate term of incarceration in the former [*Smith I*, Doc. 137]. On July 19, 2013, this Court imposed a revocation sentence of 46 months in *Smith I*—34 months running concurrent with, and 12 months running consecutive to, the term imposed in *Smith II* [*Smith I*, Doc. 139].

On July 11, 2014—a little over one year after this Court imposed judgment in *Smith II*, Petitioner submitted his original petition for collateral relief [Doc. 50]. The petition articulates four grounds: erroneous application of the career offender enhancement based on a prior drug conviction which was too old and involved too small a quantity of narcotics [Doc. 50 p. 4; Doc. 51 pp. 2–13]; the absence of evidence demonstrating his firearm was used "in furtherance of" a drug trafficking crime [Doc. 50 p. 5; Doc. 51 pp. 14–18]; imposition of a judgment without subject matter jurisdiction [Doc. 50 p. 7; Doc. 51 pp. 19–20]; and violation of the constitutional prohibition against double jeopardy [Doc. 50 p. 8; Doc. 51 pp. 20–23]. In addition to these enumerated grounds, Petitioner suggests throughout the petition that counsel's failure to raise the same arguments at sentencing amounted to ineffective assistance of counsel [*See generally* Doc. 51].

---

[1] The Court will refer to Petitioner's 2002 conviction as *Smith I* [E.D. Tenn. Case No. 3:01-cr-43-TAV-HBG-2], and 2011 conviction—the subject of the instant collateral challenge—as *Smith II* [E.D. Tenn. Case No. 3:11-cr-15-TAV-HBG-1]. Unless otherwise specified, references to CM/ECF are to *Smith II*.

3

Nearly two years later—on June 20, 2016, Petitioner filed a motion for leave to supplement the original petition with several additional grounds. The proposed grounds include: ineffective assistance of counsel for failure to investigate a litany of matters and failure to seek a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) [Doc. 60 pp. 9–18 (listing twenty-four novel issues that counsel should have investigated, including whether the informant was paid, police policy and procedure for making controlled substance buys, evidentiary chain of custody, and whether police collected any GPS data)]; improper categorization as a career offender in light of the Supreme Court's intervening decision *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* at 19–25]; and actual innocence of the § 924(c) offense in light of the *Johnson* decision [*Id.* at 26–32].

## II.    TIMELINESS OF PETITION AND AMENDMENT

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th

4

Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the petition [Doc. 50] and proposed supplement [Doc. 50] depends on whether or not Petitioner submitted those documents in compliance with subsections (f)(1) and (f)(3).

### A. Timeliness of Petition and Supplement Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's conviction became final on July 30, 2013, fourteen days after the Court entered judgment on July 16, 2013. *See* Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen] days after . . . the entry of . . . judgment."). While the petition was submitted well within the one-year window that followed [Doc. 50 (filing date of July 11, 2014)], the proposed amendment was not [Doc. 60 (filing date of June 20, 2016)].

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as

5

justification for submitting the supplement after July 30, 2014, only the second and third proposed grounds—both challenges linked to the *Johnson* decision—arguably satisfy the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).[2]  By contrast, the first proposed ground does not assert a newly recognized right.  Petitioner's motion for leave to supplement [Doc. 60] will be **GRANTED IN PART** so far as it seeks to include the *Johnson*-based challenges.

### B.     Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances.  *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001).  Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v.*

---

[2]     It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context.  *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive").  The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

6

*Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the original filing, motion for leave to supplement, and Petitioner's replies [Docs. 50, 59, 50, 69], fail to reveal a single extraordinary circumstance justifying Petitioner's failure submit the first proposed ground within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the first proposed claim is untimely, the merits of that ground will only be considered if it relates back to a timely-filed collateral challenge.

### C. Relation Back Under Federal Rule of Civil Procedure 15(c)

When an amendment is untimely, the Court looks to Federal Rule of Civil Procedure 15(c) to determine whether the proposed claim "relate[s] back" to a timely, original pleading and is thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). The amended claim relates back if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended

7

petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those [set forth in] the original pleading." *Felix*, 545 U.S. at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

The first proposed claim—which challenges counsel's failure to investigate a number of evidence-related matters and seek a *Franks* hearing—cannot be characterized as relating to a pre-existing, timely collateral challenge. As such, Petitioner's request for leave to supplement [Doc. 60] will be **DENIED IN PART** so far as it seeks leave to amend the petition to include the proposed ineffective assistance claim. *See Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008) (denying amendment "filed after [the limitation] period expires [absent] . . . relat[ion] back to the date of the original pleading").

## III.    STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV.    ANALYSIS OF TIMELY CLAIMS

As amended, the amended petition includes six clearly identified grounds for collateral relief: erroneous application of the career offender enhancement based on a prior drug conviction

8

which was too old and involved too small a quantity of narcotics (Ground One) [Doc. 50 p. 4; Doc. 51 pp. 2–13]; the absence of evidence demonstrating his firearm was used "in furtherance of" a drug trafficking crime (Ground Two) [Doc. 50 p. 5; Doc. 51 pp. 14–18]; imposition of a judgment without subject matter jurisdiction (Ground Three) [Doc. 50 p. 7; Doc. 51 pp. 19–20]; violation of the constitutional prohibition against double jeopardy (Ground Four) [Doc. 50 p. 8; Doc. 51 pp. 20–23]; improper categorization as a career offender in light of the *Johnson* decision (Ground Five) [Doc. 60 pp. 19–25]; and actual innocence of the § 924(c) offense in light of the *Johnson* decision (Ground Six) [*Id.* at 26–32]. The petition also includes allegations that trial counsel was ineffective for failing to raise Grounds One, Two, and Four at sentencing [*See generally* Doc. 51].

As a threshold matter, Grounds One, Two, and Four are procedurally defaulted because Petitioner could have raised them on direct appeal, but did not. *United States v. Calderon*, 194 F.3d 1314 (6th Cir. 1999) (noting "direct appeal would have been the correct form in which to raise sentencing questions"); *Turner v. United States*, 191 F.3d 453 (6th Cir. 1999) (explaining that "a motion to vacate under § 2255 does not serve as a substitute for bringing a direct criminal appeal"). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *accord United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" that a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner does

not allege his actual innocence [*See generally* Docs. 50, 59, 60, 69], and while he cites ineffective assistance of appellate counsel as "good cause" for the failure to raise Grounds One, Two, and Four on direct appeal [Doc. 51 p. 2 (suggesting counsel informed Petitioner that he "didn't want to [file an appeal]"); Doc. 59 pp. 2–4 (same)], he cannot show that an inability to raise the same now would result in prejudice because all three defaulted grounds lack merit.

### A.     Grounds One and Five: Propriety of Career Offender Enhancement

This Court interprets Petitioner's first and fifth grounds as a challenge to the propriety of his career offender designation and the enhanced advisory Guideline range that resulted therefrom [Doc. 51 pp. 2–13 (suggesting that the Court erred when it used an old conviction for possession of a small quantity of drugs as a predicate conviction and arguing that career offender enhancement made his sentence disproportionately severe); Doc. 60 pp. 19–25 (arguing that his prior drug convictions no longer qualify as predicate offenses after the *Johnson* decision and that, without those convictions, he no longer qualifies for career offender enhancement)]. Both grounds fail.

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"

10

(the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of predicate conviction. *See, e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his prior serious drug offenses).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Docs. 50, 51, 60].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent

to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions— elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause. Specifically, both of Petitioner's prior felony drug convictions involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one-year incarceration [PSR ¶¶ 23, 34, 45]. As a result, both convictions were properly classified as predicate offenses under Section 4B1.1(a)(3). *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses). The argument that one of Petitioner's convictions is older and involved a smaller quantity of drugs than the

12

other [Doc. 51 pp. 7–9], is irrelevant. Both offenses designated as career offender predicates were adult convictions and it is the duration of potential incarceration, not the quantity of drugs, that determines whether the convictions qualify as controlled substance offenses for purposes of Section 4B1.1(a)(3). Further, the fact that neither of offense qualifies as "serious drug offenses" under § 924(e)(2)(A)(ii) [Doc.60 pp. 22–23], is made irrelevant by the fact that Petitioner was deemed a career offender under Section 4B1.1, not an armed career criminal under § 924(e). To the extent Petitioner relies on the fact that the United States failed to charge Petitioner as a career offender in its § 851 notice [Doc. 60 p. 24], that fact is immaterial because § 851 notice deals with statutory enhancement like Petitioner's statutorily mandated ten-year statutory minimum under 18 U.S.C. § 841(b)(1)(B), not Guideline enhancements like Petitioner's career offender designation.

## B.     Grounds Two and Six: Validity of Petitioner's § 924(c) Conviction

This Court interprets Petitioner's second and sixth grounds as challenging the validity of his conviction under § 924(c) [Doc. 51 pp. 14–18 (suggesting that the United States failed to submit any evidence that the firearm recovered was used "in furtherance of" a drug trafficking crime); Doc. 60 pp. 26–32 (claiming actual innocence of the § 924(c) offense in light of the *Johnson* decision)]. Again, both of Petitioner's grounds fail as a matter of law.

With regard to Petitioner's argument that insufficient evidence existed to prove that the firearm discovered in his home was used in furtherance of a drug trafficking crime and, as a result, that he is actually innocent of the § 924(c) offense, that grounds fails because defendants who enter a guilty plea simultaneously waive several constitutional rights, including the privilege against compulsory self-incrimination, right to trial by jury, right to confront his accusers, and right to be proven guilty beyond a reasonable doubt. *McCarthy v. United States*, 394 U.S. 459,

13

466 (1969), *abrogated on other grounds* by Fed. R. Crim. P. 11(h); *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008); *United States v. Turner*, 272 F.3d 380, 389–90 (6th Cir. 2001). Petitioner acknowledged such waiver in his plea agreement [Doc. 25 ¶ 4] and, regardless, stipulated to more than enough facts to otherwise support his § 924(c) conviction in the same [*Id.* ¶ 3]. (admitting that the fully-loaded firearm was found in a box with crack cocaine, that a holster and ammunition were found elsewhere in the same residence, and that he was selling cocaine)].

To the extent Petitioner argues the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that absence of that provision requires vacatur of his conviction under § 924(c)(1)(A) [Doc. 60 pp. 26–32], the argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while the *Johnson* decision invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit").[3]

---

[3]     Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction under § 924(c)(1)(A) did not rely on that provision. To the contrary, Petitioner was convicted of possessing a firearm in furtherance of a drug trafficking crime, not crime of violence [Doc. 60]. The statute defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., [or] the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq." 18 U.S.C. § 924(c)(2). *Johnson* has no bearing whatsoever on the scope of that definition. *Accord United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* irrelevant to drug offenses). As such, Petitioner has failed identify a viable basis for vacating his § 924(c) conviction.

### C.    Ground Three: Lack of Subject Matter Jurisdiction

In his third ground, Petitioner seeks vacatur of his conviction and sentence based on the allegation that this Court lacked subject matter jurisdiction to entertain his criminal prosecution [Doc. 51 pp. 19–20]. He asserts two arguments as evidence that this Court lacked jurisdiction: first, Petitioner seems to suggest that his conduct involved purely intrastate conduct and, as a result, was only subject to prosecution in state court [Doc. 50 p. 7 (explaining that his "possession of a gun [was] not economic activity" and that the indictment lacked any "jurisdictional element" for the drug offense); Doc. 51 p. 20 (noting state prosecutors initially brought charges, but that those charges were later dropped)]; second, he appears to argue that the federal provisions under which he was convicted—18 U.S.C. § 922(g), 21 U.S.C. § 841(a), and 18 U.S.C. § 924(c)—exceed Congress's authority under the commerce clause such that his convictions thereunder violate the Constitution [Doc. 51 p. 19 (noting that the federal government lacks a general police power)].

"In our American system of dual sovereignty, each sovereign—whether the [f]ederal [g]overnment or a [s]tate—is responsible for the administration of its own criminal justice system." *Setser v. United States*, 132 S. Ct. 1463, 1471 (2012) (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009)). One consequence is this principle is that the federal government has the power to prosecute a defendant for conduct that is simultaneously punishable under state law. *Health v. Alabama*, 474 U.S. 82, 88 (1985) ("When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.'" (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922))). In accordance with that power, Congress granted "district courts of the United States . . . original jurisdiction, exclusive of the [s]tates, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

For purposes of the instant case, Petitioner was charged with three federal offenses: one count of possessing a firearm as a felon; one count of possessing crack cocaine with intent to distribute; and one count of possessing a firearm in furtherance of that drug trafficking crime [Doc. 1]. The fact that all three offenses involved violation of a "law[] of the United States" conferred this Court with subject matter jurisdiction to entertain the criminal prosecution regardless of the fact that the underlying conduct might also have violated one or more provisions of Tennessee law. *Accord United States v. Russell*, 30 F. App'x 348, 351 (6th Cir. 2002) ("[F]ederal courts have exclusive jurisdiction over offenses against the laws of the United States . . . and the permission of the states is not a prerequisite to exercise that jurisdiction.").

To the extent Petitioner challenges the constitutionality of the federal statutes under which he was convicted by arguing that Congress lacked authority to enact those laws, the Sixth Circuit has repeatedly dismissed similar challenges. It is well established that federal firearm offenses satisfy the commerce clause wherever there is a requirement that the government prove

16

that the firearm at issue was manufactured outside the state in which it was possessed and thus necessarily travelled in interstate commerce at a previous time. *See, e.g.*, *United States v. Chesney*, 86 F.3d 564, 572 (6th Cir. 1996) ("The fact that [the defendant] possessed a gun that previously had moved in interstate commerce provides a sufficient nexus between [the criminalized] conduct and interstate commerce to allow Congress to regulate [that] conduct pursuant to the Commerce Clause."). Because § 922(g) includes such a requirement, 18 U.S.C. § 922(g); *see also United States v. Murphy*, 107, F.3d 1199, 211–12 (6th Cir. 1997) (collecting cases for the proposition that a firearm manufactured outside the state where it was possessed constitutes a firearm "in or affecting commerce" as required by § 922(g)), it is irrelevant whether or not Petitioner's use of the firearm found in his possession amounted to "economic activity," *see Scarborough v. United States*, 431 U.S. 563, 568–69, 575 (1977) (rejecting argument that "at the time the offense the possessor must be engaging in commerce").[4] Courts have held with equal frequency that the Comprehensive Drug Abuse Prevention and Control Act of 1970—which includes § 841 and many of the "drug trafficking crime[s]" referenced in § 924(c)—was a

---

[4] To the extent that Petitioner relies on *United States v. Lopez*, 514 U.S. 549 (1995), as support of his argument that Congress lacked authority to enact § 922(g), he is mistaken. In *Lopez*, the Supreme Court held that the Gun-Free School Zone Act of 1990, 18 U.S.C. § 922(q) (1994), which prohibited possession of a firearm within a school zone, exceeded the scope of permissible Commerce Clause regulation, 514 U.S. at 558–59. But the Court specifically distinguished § 922(q) from 18 U.S.C. § 1202(a)—the predecessor to § 922(g), reasoning that the latter provision had a "jurisdictional element which . . . ensure[d], through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce." *Id.* at 561. Unlike the statute at issue in *Lopez*, § 922(g) requires proof of a nexus to interstate commerce and thus remains a proper exercise of Congress's power under the Commerce Clause. *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007). Petitioner stipulated to as much for purposes of the instant case in his plea agreement [Doc. 25 ¶ 4 ("[Petitioner] agrees and stipulates [that] . . . . [t]he Taurus 9mm handgun found in [his] possession was manufactured outside the State of Tennessee and, therefore, traveled in or affected interstate commerce.")].

17

permissible exercise of Congressional power. *See, e.g.*, *United States v. Brown*, 276 F.3d 211, 214–15 (6th Cir. 2002) (noting that every court to consider the issue reached the same result).

### D.    Ground Four: Violation of Petitioner's Right Against Double Jeopardy

In Ground Four, Petitioner appears to argue that two features of his sentence run afoul of the Constitution's prohibition against double jeopardy: (1) the decision to run 12 months of Petitioner's 46-month revocation sentence in *Smith I* consecutive to his aggregate 240-month sentence in *Smith II*; and (2) imposition of an entirely new term of supervised release in *Smith II* after revoking the eight-year term of supervised release in *Smith I* [Doc. 51 pp. 20–23].

The first argument fails because revocation of supervised release is "part of the penalty for the initial offense," *Johnson v. United States*, 529 U.S. 694, 700 (2000), meaning any challenge to Petitioner's revocation sentence is a collateral attack on the *Smith I*, not *Smith II*, and cannot be raised in a § 2255 motion challenging the aggregate sentence from *Smith II*. The second argument fails because the revoked term of supervision in *Smith I* and new term of supervised release imposed in *Smith II* derive from entirely separate criminal offenses and the Double Jeopardy Clause only prohibits the imposition of multiple punishments for a single criminal offense. Further, the requirement that a defendant only be punished once for an offense does not mean that his or her punishment cannot be modified or extended. *See United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) ("[T]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be."). To the extent that Petitioner asserts a general "interest in the finality of [his] sentence" from *Story I* and argues revocation ran afoul of that expectation [Doc. 51 p. 21], that argument fails because: (1) the statutory framework governing supervised release specifically authorizes additional sanctions upon revocation, 18 U.S.C. § 3583; and (2)

18

Petitioner's own actions triggered the conditions that resulted in modification of his sentence, *see United States v. Fogel*, 829 F.2d 77, 88 (D.C. Cir. 1987) (finding a "legitimate expectation of finality in the severity of [a] sentence" where modification was neither required nor contemplated by the relevant statutes and increase was "not predicated on any action taken by the [defendant]").

### E. General Allegations of Ineffective Assistance of Counsel

In addition to the six enumerated grounds for relief addressed above, Petitioner suggests at numerous points throughout his petition that trial counsel rendered constitutionally deficient assistance by failing to assert Grounds One, Two, and Four at sentencing [Doc. 51 pp. 2 (suggesting "counsel was ineffective at sentencing"), 6–7 (faulting counsel for not preparing "a more robust defense"), 11–13 (faulting counsel for not disputing reasons proffered by government in support of a within-guideline sentence), 17 (accusing counsel of ineffective assistance), 23 (blaming counsel for not raising double jeopardy argument)].

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also, Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

For the reasons previously discussed, none of the arguments raised in Grounds One, Two, or Four provide a viable basis for setting aside, vacating, or correcting Petitioner's conviction and sentence. As such, Petitioner has failed to demonstrate that the absence of those arguments at sentencing resulted in prejudice and the Court need not address whether counsel's omission amounted to a deviation from professional standards of care. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to pursue meritless claim or raise a meritless objection).[5]

---

[5] To the extent that Petitioner suggests that counsel should have predicted what he characterizes as a change in the definition of crime of violence, the Court disagrees. *See, e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel").

## V.    CONCLUSION

For the reasons discussed, the motion for leave to supplement [Doc. 60] will be **GRANTED IN PART** and **DENIED IN PART**.  Petitioner's amended § 2255 motion [Docs. 50, 60] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE