UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:01-CR-43-TAV-HBG-2 |
| | ) | 3:11-CR-115-TAV-HBG-1 |
| CHRISTOPHER A. SMITH, | ) | |
| Defendant. | ) | |

### AMENDED[1] MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release [Doc. 74] as supplemented by a motion filed through counsel [Doc. 83]. The United States opposes Defendant's motion [Doc. 84]. For the reasons that follow, the motion will be denied.

### I.   BACKGROUND

On July 16, 2013, Defendant was sentenced to a below-guidelines sentence of 240 months of imprisonment[2] based on his convictions for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Count One); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (a)(1) and 21 U.S.C. § 841

---

[1] This Amended Memorandum Opinion and Order is substantively identical to the Memorandum Opinion and Order [Doc. 86] entered April 12, 2022, except that this opinion includes case number 3:01-CR-43-TAV-HBG-2 in the case heading, which was previously omitted, wherein petitioner separately filed a duplicate Supplement to Pro Se Motion for Compassionate Release [Doc. 144]. The Court notes that all references to the record outside this footnote refer to case number 3:11-CR-115-TAV-HBG-1.

[2] Defendant's guideline range, which included a sentencing enhancement for being a career offender, was 262 to 327 months' imprisonment [Presentence Report, at ¶¶ 23, 34, 45, 74].

(b)(1)(B) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(Count Three) [Doc. 46].

Defendant filed his first motion for compassionate release in May of 2020 [Doc. 72]. In the motion, he cited COVID-19 and his hypertension as the basis for relief [*Id.*]. The Court denied the motion because Defendant had not exhausted his remedies through the Bureau of Prisons ("BOP") and even if the Court could consider the merits of Defendant's motion, Defendant had failed to show extraordinary and compelling reasons for release [Doc. 73].

In his second motion for compassionate release, which is now before the Court, Defendant seeks a sentence reduction based on his obesity amid the COVID-19 pandemic [Doc. 83], as well as changes in sentencing law that he believes would have resulted in a lower sentence if he were sentenced today [Docs. 74].

The Defendant is presently housed at Elkton Federal Correctional Institution and his projected release date is May 14, 2029. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (search by record number 17725-074) (last visited Feb. 14, 2022).

I.  **LEGAL STANDARD**

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code

2

authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

3

## II. ANALYSIS

### A. Exhaustion

Defendant requested compassionate release from the warden at his facility on September 10, 2021, and his request was denied on September 21, 2021 [*See* Doc. 83-1]. The United States has expressly waived any objection on exhaustion grounds [Doc. 84, p. 1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

First, the Court addresses Defendant's argument that he is at high risk of complications from COVID-19. Defendant asks the Court to find that his "obesity during the COVID-19 pandemic and the conditions at FCI Elkton constitute 'extraordinary and compelling' reasons for reducing his sentence" [Doc. 83, p. 3].

The BOP reports that Defendant's correctional facility currently has 12 confirmed cases of COVID-19 among the inmate population and 28 confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 14, 2022). These numbers are not insignificant. However, they are not extraordinary, especially in light of the prevalence of COVID-19 outside the prison setting. Because COVID-19 is a danger faced by people everywhere, the pandemic alone cannot justify compassionate release. *See, e.g.*, *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020)

4

Case 3:11-cr-00115-TAV-HBG   Document 87   Filed 04/14/22   Page 4 of 8   PageID #: 593

("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, at Defendant's prison, 272 staff and 1427 inmates have been fully vaccinated. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 14, 2022). Defendant himself is vaccinated [Doc. 78, p. 5].

Defendant is 47 years old and suffers from obesity [Doc. 83, p.5]. BOP records indicate that Defendant is a Care Level 1 [Doc. 84-1]. "Care Level 1 inmates are less than 70 years of age and are generally healthy[;] [t]hey may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Feb. 17, 2022).

Obesity "can" increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 15, 2022). However, obesity is a common condition. As Defendant recognizes, 42% of Americans are obese [Doc. 83, at 4]. *See also* Adult Obesity Facts, https://www.cdc.gov/obesity/data/adult.html (last visited Feb. 17, 2022). Also, as mentioned above, Defendant is vaccinated. A

5

defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). "[T]o the extent prisons do offer some unique challenges" such as social distancing, "the vaccine now significantly reduces the risks associated with COVID-19." *Id.* In light of Defendant's vaccinated status, his classification as "Care Level 1" by BOP, and the relatively low numbers of COVID-19 cases at his prison, the Court finds that Defendant's obesity amid the COVID-19 pandemic is not an extraordinary and compelling circumstance warranting release.

Defendant also argues that he would have received a shorter sentence if he were sentenced today under current law [Doc. 74]. First, Defendant asserts that under § 401 of the First Step Act of 2018[3], his Tennessee conviction cocaine-trafficking conviction would not qualify as a predicate offense under 21 U.S.C. § 851 [*Id.*, p. 2]. Defendant appears to be correct [*See* 83-2, pp.2–3]. However, as he acknowledges, his federal drug conviction still qualifies as predicate offense under § 851 [Doc. 83, p.3], and only one predicate was needed for the enhanced mandatory minimum he received. Defendant also argues that his Tennessee conviction for sale of cocaine no longer qualifies as a predicate for his designation as a career offender, due to the decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). The holding in *Havis* does not apply to Defendant's case.[4] Moreover,

---

[3] Pub. L. 115-391.

[4] In *Havis*, the defendant's prior Tennessee conviction for *selling or delivering* cocaine did not qualify as a "controlled substance offense" for the purposes of sentencing enhancement

6

neither § 401 of the First Step Act nor the decision in *Havis* have been made retroactive. A nonretroactive change in the law is not an extraordinary and compelling reason warranting release. *See, e.g. United States v. Wills*, 997 F.3d 685 (6th Cir. 2021) (no extraordinary and compelling circumstances where defendant argued that if he were sentenced today, his sentencing enhancement would be obviated by the First Step Act of 2018[5]).

Lastly, the Court notes Defendant's argument regarding his rehabilitative efforts [*See* Doc. 83, p. 8]. While the Court considers disciplinary records and rehabilitative efforts to be relevant to a discussion of the § 3553(a) factors, the Court does not find in this instance that Defendant's positive actions while incarcerated constitute "extraordinary and compelling" grounds for compassionate release. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release).

Taken altogether, the Court finds that Defendant's obesity amid the COVID-19 pandemic and rehabilitative efforts do not constitute extraordinary and compelling reasons for release, while his arguments regarding a disparity in his sentencing are without merit. As noted above, the Court need not consider all of the statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. Because Defendant has not

---

because the least culpable conduct covered by the statute was an attempted delivery. 927 F.3d at 387. Defendant's Tennessee drug offense violated the same code section as that at issue in *Havis*, but Defendant's conviction was for sale of cocaine only, with no reference to delivery [83-2, p. 4].

[5] Pub. L. No. 115-391, 132 Stat. 5194.

shown extraordinary and compelling circumstances warranting compassionate release, the Court need not address the § 3553(a) factors.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release [Docs. 74, 83] is **DENIED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8

Case 3:11-cr-00115-TAV-HBG   Document 87   Filed 04/14/22   Page 8 of 8   PageID #: 597