UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:11-CR-115-TAV-JEM-1 |
| | ) | |
| CHRISTOPHER A. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's pro motion for compassionate release [Doc. 103] and motion to appoint counsel [Doc. 107]. Defendant filed several supplements in support of his motion [Docs. 104, 105, 106]. The government has not responded. For the reasons set forth below, defendant's motion for compassionate release [Doc. 103] will be **DENIED** and his motion to appoint counsel [Doc. 107] will be **DENIED as moot**.

I.    **Background**

On March 16, 2012, defendant pleaded guilty to Count One of the indictment in this case charging him with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [Sealed Doc. 25; Doc. 26]. Defendant also pleaded guilty to Count Two of the indictment in this case charging him with possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) [Sealed Doc. 25; Doc. 26]. Defendant further pleaded guilty to Count Three of the indictment in this case charging him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) [Sealed Doc. 25; Doc. 26]. Because

defendant had two prior qualifying convictions, defendant was labeled a career offender under U.S.S.G. § 4B1.1 [Sealed Doc. 25 ¶ 3; Presentence Investigation Report ("PSR") ¶¶ 10, 23, 54]. With a total offense level of 34 and a criminal history category of VI, defendant's guideline range was 262 to 327 months' imprisonment [PSR ¶ 74]. However, the Court ultimately imposed a below-guidelines sentence of 240 months' imprisonment, followed by a term of supervised release of eight years [Doc. 46].

According to the Bureau of Prisons' website, defendant is presently scheduled for release on May 14, 2029. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 24, 2025).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons ("BOP"). Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Doc. 103].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not

3

need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III. Analysis

### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant sought compassionate release from the BOP in December 2023 [Doc. 103-1, p. 4] prior to filing the instant motion. The BOP denied defendant's request on December 15, 2023 [*Id*. at 3]. Defendant's instant motion appears to raise some arguments that were not contained in his initial request to the BOP (e.g., medical circumstances, change in law); however, given the general nature of his BOP submission and the absence of a response from the government, the Court will evaluate defendant's motion according to the three-step test explained above.

### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two

4

of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the BOP filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).") However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

5

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as an extraordinary and compelling ground warranting his release: (i) a change in law that creates a disparity between the sentence defendant received and the sentence he would receive today; and (ii) medical circumstances, including risks posed by COVID-19 [Doc. 103, pp. 3–8].

### i. Changes in Law

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

The Court is mindful that defendant briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See* Docs. 103, 104]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

### ii.     Defendant's Medical Circumstances

The amended policy statement provides that the following may be extraordinary and compelling reasons for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life

7

expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B)     The defendant is—

    (i)     suffering from a serious physical or medical condition,

    (ii)     suffering from a serious functional or cognitive impairment, or

    (iii)     experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)     The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)     The defendant presents the following circumstances—

    (i)     the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii)     due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii)     such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

In his motion for compassionate release, defendant argues that his "obesity and the risks it presents of serious complications from COVID-19" warrant compassionate release [Doc. 103-1, p. 2]. In support of this portion of his request, defendant submits what appears to be a

8

photocopy of his previous compassionate release motion, which the Court already evaluated and denied on the merits [*See* Doc. 87, pp. 6–8].

Therefore, given that the Court has already rejected defendant's medical circumstances arguments, as well as his change in law arguments, his motion [Doc. 103] is hereby **DENIED**. Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage.

IV.     **Conclusion**

For the reasons set forth above, defendant's motion [Doc. 103] is **DENIED**.

As for defendant's motion to appoint counsel [Doc. 107], the Court interprets this request to be related to his pending "Compassionate Release" [*See id*. at 1].  Having now ruled on that motion, defendant's request [Doc. 107] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9